IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY WALKER,  )
        Plaintiff,  )
          )
vs.  )  Civil Action No. 05-340J
          )  District Judge Kim R. Gibson
          )  Magistrate Judge Caiazza
JEFFREY BEARD, Secretary; and the  )
PENNSYLVANIA DEPARTMENT OF  )
CORRECTIONS,  )
        Defendants.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 23) be granted. It is further respectfully recommended that the Plaintiff's Motion for Injunctive Relief be denied (Doc.29).

### II. REPORT

The Plaintiff, Jeffrey Walker ("Walker" or "the Plaintiff"), is a life prisoner presently 0confined at the State Correctional Institution at Fayette ("SCI-Fayette"). He has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. The Defendants include Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC), and the DOC. The following discussion reveals that the Plaintiff's Complaint files to state a claim upon which relief may be granted.

#### A . The Plaintiff's Allegations

In his Complaint, the Plaintiff alleges that on June 17, 2004, he was transferred from the State Correctional Institution at Somerset to SCI-Fayette in retaliation for his efforts in changing

the way monies from the Inmate General Welfare Fund (IGWF) were being spent and for filing grievances. He further complains about the conditions of his confinement at SCI-Fayette, including the loss of his single cell status; employment and pay raise issues; his representation of matters regarding the IGWF; and the denial of a mailed sales catalog.

## B . Sovereign Immunity

The Defendants seek dismissal of this action on the basis that it is barred by sovereign immunity as provided for in the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides as follows.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The withdrawal of jurisdiction in the Eleventh Amendment confers upon the individual states immunity from suit in the federal courts. This grant of sovereign immunity encompasses not only suits in which a state is a named defendant but also extends to suits brought against state agents and state instrumentalities that have no existence apart from the state. See Regents of the University of California v. Doe, 519 U.S. 425 (1997); Alabama v. Pugh, 438 U.S. 781, 782 1978. Sovereign Immunity applies to suits brought by citizens of the defendant state as well. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).

Notwithstanding, the immunity provided in the Eleventh Amendment is not absolute. A state may expressly waive its grant of sovereign immunity by state statute or constitutional provision. In addition, Congress can abrogate the States' Eleventh Amendment immunity through a statute enacted under constitutional authority granting Congress the power to regulate

the activities of the states. *See, e.g.*, Pennsylvania v. Union Gas Co., 491 U.S. 1, 15 (1989) (Commerce Clause, which allows Congress to restrict interstate trade activity); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 246 (1985) (section five of the Fourteenth Amendment, which allows Congress to enforce the provisions of the Fourteenth Amendment). Congress, however, must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996); Atascadero, 473 U.S. at 246.

The Pennsylvania Department of Corrections (DOC) is a part of the executive department of the Commonwealth of Pennsylvania. *See* Pa. Stat. tit. 71, § 61. Thus, it shares in the Commonwealth's Eleventh Amendment immunity. *See* Lavia v. Pennsylvania, Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000).

Moreover, the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity with respect to actions pursued under the Civil Rights laws. Pennsylvania's Constitution states that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1, § 11. The Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity. *See* 42 Pa. Const. Stat § 8521(b) ("Nothing contained in this subchapter [on actions against Commonwealth parties in civil actions and proceedings] shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

None of the exceptions to sovereign immunity contained in 42 Pa. Cons. Stat. § 8522 are applicable to the Plaintiff's allegations. Moreover, the federal courts repeatedly have held that

Congress did not abrogate the state's Eleventh Amendment immunity when it enacted the Civil Rights Act, 42 U.S.C. § 1983. *See, e.g.*, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordan, 440 U.S. 332, 341 (1979); O'Hara v. Ind. Univ. of Pa., 171 F.Supp.2d 490, 495 (W.D. Pa. 2001) ("The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983."); Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996).

The Eleventh Amendment also immunizes state officials acting in their official capacities from monetary damages. *See* Kentucky v. Graham, 473 U.S. 159, 166 (1985). As Defendants point out, the Plaintiff's allegations leave no doubt that defendant Beard is being sued in his official capacity as the Secretary of the DOC. Walker alleges that Beard "is legally responsible for the overall operation of the Department and each institution under his jurisdiction..." (See Am. Compl. § III, at ¶ 1). Plaintiff then contends that he does not have the financial wherewithal to sue the many employees and/or agents of the DOC who participated in the violations of his constitutional rights, and therefore, is bringing this action only against the DOC itself "and its chief executive, Jeffrey Beard." Id. §III, at ¶ 2. Pursuant to these allegations, Defendant Beard is entitled to protection under the Eleventh Amendment. *See* Dennison v. Pennsylvania Dept. of Corrections, 268 F.Supp.2d 387, 396 (M. D. Pa. 2003) (holding that claims against DOC employees in their official capacity were barred under the Eleventh Amendment); Hunter v.

Commonwealth of Pennsylvania Dep't of Corrections, 42 F.Supp.2d 542, 547 (E. D. Pa. 1999) (same).

Moreover, the Plaintiff has failed to set out allegations to pursue an action against Defendant Beard in his individual capacity. To establish personal liability in a section 1983 action, the defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 693-95 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability only can be imposed under section 1983 if the state actor played an "affirmative part" in the alleged misconduct. Samples v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989) (plaintiff first must demonstrate that a prison official had knowledge of the prisoner's problem and of the risk that a constitutional violation was being, or would be, inflicted); *see also* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either "personal direction or . . . actual knowledge and acquiescence." Rode, 845 F.2d at 1207. *Accord* Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005).

Moreover, a supervising public official has no affirmative constitutional duty to supervise and discipline so as to <u>prevent</u> violations of constitutional rights by his or her subordinates.[1] Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989) . However, at a

---

[1]. Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991). *See also* Rizzo v. Goode, 423 U.S. 362 (1976).

5

minimum, such liability may be imposed "only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." *Id.* (citing Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986)). *See also* Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997).

Walker's allegations, construed liberally, do not support a finding that Defendant Beard, Secretary of the DOC, had any knowledge of, or personal involvement in, the claims alleged in the Complaint. The Plaintiff does not allege that Defendant Beard participated in any way whatsoever in the alleged actions or inactions, as a supervisor or otherwise. Nor does he allege indirect involvement that would imply that Defendant Beard acquiesced in the alleged unconstitutional misconduct. Although he complains of many alleged practices and policies, none of these allegations establish that Defendant Beard was responsible for, or even aware of, his concerns. *See* Defs.' Br. at 12, 13. (Doc.24).

Moreover, even if this Court construed the Plaintiff's complaint as stating a claim against Defendant Beard as violating some supervisory duty, his Complaint fails to state a claim. In Samples, 885 F.2d at 1118, the Court of Appeals for the Third Circuit concluded that a judgment could not properly be entered against the defendant based on supervisory liability, absent an identification of a specific supervisory practice or procedure that the defendant failed to employ. "[U]nder the teachings of City of Canton[2] it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he

---

2. City of Canton v. Harris, 489 U.S. 378 (1989).

6

or she did. The district court must insist that [the plaintiff] identify specifically what it is that [the defendant] failed to do that evidences his deliberate indifference." *Id.* Walker has failed to identify any specific acts by Defendant Beard that would evidence his indifference to the Plaintiff's allegations. Nothing in his allegations even suggests that Defendant Beard was aware of his concerns. Accordingly, it is clear that Walker is seeking to impose individual liability against Defendant Beard upon the theory of *respondeat superior*, which cannot support a section 1983 action. Therefore, the Complaint should be dismissed as against Defendant Beard in his individual capacity.

### C. Injunctive and Declaratory Relief

Finally, Walker has not set out any claims upon which this court may grant injunctive or declaratory relief. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). On pages 30-32 of his Complaint, the Plaintiff seeks a permanent injunction. As stated more fully below, the Plaintiff's allegations do not show that he is entitled to declaratory or injunctive relief.

In his injunctive requests, the Plaintiff seeks the following relief: an order prohibiting the Defendants from harassing, threatening, punishing or retaliating against him for filing the lawsuit; an order prohibiting him for being transferred to another facility; reinstatement of his single cell status; removal of any mention of this lawsuit in his prison files; an order requiring the

Defendants to comply with established IGWF procedures and to provide inmates with full opportunity to approve IGWF activities; restore the Plaintiff's classification benefits; provide the Plaintiff with the required worksite smoking area and break time; provide the Plaintiff with the employment opportunities he has requested; an order requiring the Defendants to comply with their policy in permitting the Plaintiff to have a sales catalog mailed first class; and to allow the Plaintiff to engage in written and oral communication with other inmates which is reasonably related to this lawsuit.

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); ___ U.S. ___, ___, Bell v. Wolfish, 441 U.S. 520, 527 (1979).

The Plaintiff is not entitled to any of the injunctive relief requested. *See, e.g.*, Meachum v. Fano, 427 U.S. 215, 224 (1976) (inmate has no constitutional right to be confined at any particular facility); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989) (recognizing that inmates have no constitutional right to be assigned a particular job; an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the fourteenth

amendment); Oden v. Wall, 1995 WL 632381, *2 (7th Cir. 1995) (absent a serious medical need, an inmate has no constitutional right to a single cell); Thomas v. Norris, 2006 WL 2590488, *11 (M. D. Pa. Sept. 8, 2006) (holding that inmates have no right to a particular prison classification); Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997) ("inmates has no federal constitutional right to a particular custody status); Johnson v. Hill, 910 F.Supp. 218, 220 (E. D. Pa. 1996) ("absent a state-created liberty interest that does not exist in Pennsylvania, prisoner placement is a matter of prison administration."); Reynolds v. Bucks, 833 F.Supp. 518, 519 (E. D. Pa. 1993) (holding that it is well-settled that there is no constitutional right to smoke in a jail or prison); Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (failure of prison officials to comply with federal regulation requiring a disciplinary hearing within eight days of alleged misconduct, resulting in disciplinary segregation, does not alone constitute denial of due process); Culbert v. Young, 834 F.2d 624, 628 (7th Cir. 1987) (the adoption of mere procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process), *cert. denied*, 485 U.S. 990 (1988).

For the reasons set out above, it is respectfully recommended that the Defendants' Motion to Dismiss (Doc.. 23) be granted. It is further respectfully recommended that the Plaintiff's Motion for Injunctive Relief be denied. (Doc. 29).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 6, 2006. Responses to objections are due by November 16, 2006.

*[signature]*
Francis X. Caiazza
United States Magistrate Judge

Dated: October 20, 2006

cc: Kim R. Gibson
United States District Judge

Jeffrey Walker, BJ-5553
SCI Fayette
Box 9999
LaBelle, PA 15450-0999 Andrew W. Britton, EG-8422

Mary Lynch Friedline
Deputy Attorney General
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Ave.,
Pittsburgh, PA 15219